UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FIDENCIO ALBERTO CASTILLO-SAUCEDO | § § § § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-148 |
| | § | CRIM. CASE NO. 7:11-CR-1387 |
| UNITED STATES OF AMERICA | § | |

**OPINION AND ORDER**

Pending before the Court is a motion to vacate, set aside, or correct sentence filed by Fidencio Castillo Saucedo ("Castillo") pursuant to 28 U.S.C. § 2255.[1]  The Court, having considered the record, finds that an evidentiary hearing is unnecessary because the record demonstrates conclusively that Castillo is not entitled to relief.

**I.      Procedural History**

Castillo was charged on September 8, 2011 with being found in the United States after being previously deported, in violation of 8 U.S.C. § 1326 (a) and (b).[2]  Castillo pled guilty and was sentenced to term of seventy-seven months in custody.[3]  Judgment was entered on January 17, 2012.[4]  A notice of appeal to the United States Court of Appeals for the Fifth Circuit was filed on January 11, 2012[5] but the appeal was dismissed as frivolous on August 11, 2012.[6]

---

[1] Civ. Dkt. No. 1. "Civ. Dkt." refers to filings in this case. Hereafter "Cr. Dkt." will be used to refer to the companion criminal case, *United States v. Castillo-Saucedo*, Case No. 7:11-cr-1387. "MC. Dkt." will refer to the related civil case that was recharacterized into this civil case, *Castillo-Saucedo v. United States*, Case No. 7:15-mc-00740.
[2] Cr. Dkt. 1.
[3] Cr. Dkt. Entry dated 01/10/2012.
[4] Cr. Dkt. No. 29.
[5] Cr. Dkt. No. 24.
[6] Cr. Dkt. No. 38.

Castillo subsequently sought, but was denied, retroactive application of the "fast-track" program.[7]

Castillo then filed a "Bill of review, under <u>All Writs Act</u> and Under the Habeas Corpus" on June 17, 2013.[8]  The Court notified Castillo that "Bills of Review have been abolished" and that the All Writs Act "would be an inappropriate vehicle for the relief" sought.[9]  Castillo was warned that if he did not withdraw or amend his pleading within thirty days it would be "recharaterized as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C § 2255."[10]  Castillo did not respond so the Court recharacterized the pleading as a motion pursuant to 28 U.S.C. § 2255 by Order dated April 8, 2015.[11]

## II.     Law and Analysis

Castillo is entitled to relief pursuant to § 2255 under four limited grounds: (1) his sentence was in violation of the constitution or laws of the United States; (2) the District Court lacked jurisdiction to impose the sentence; (3) the length of a sentence was in excess of the statutory maximum; and (4) the sentence is otherwise subject to collateral attack.[12]  Thus, the Court must wade through Castillo's motion to determine whether any of these grounds entitle him to relief.  In doing so, the Court is cognizant that Castillo is proceeding *pro se* and as such, his pleading are subject to less stringent standards than those drafted by attorneys.[13]  Nonetheless, even construed liberally, Castillo's pleading are difficult to decipher. Castillo makes various convoluted claims; the ones closest to being cogent are ineffective assistance of

---

[7] Cr. Dkt. No. 40, 41.
[8] MC. Dkt. No. 1.
[9] MC. Dkt. No. 2.
[10] *Id.*
[11] MC. Dkt. No. 3.
[12] 28 U.S.C. § 2255 (a).
[13] *Haines v Kerner*, 404 U.S. 519, 520 (1972).

counsel, improper jurisdiction, and errors made by the Court. The Court briefly considers each in turn.

*Ineffective Assistance of Counsel*

Claims of ineffective assistance of counsel are analyzed under the two-prong test set forth in *Strickland v. Washington*.[14] To prevail, a movant must meet both prongs of the test or the entire claim fails.[15] The first prong is that the attorney's performance fell below the standard for reasonably effective assistance.[16] In this respect, deference is owed to the attorney regarding his or her choice of defense pursuant to "the reasonableness of the professional judgments on which they are based."[17] The second prong necessary for the movant to prevail is that the actions of the attorney prejudiced the outcome in some way, such that if it were not for the attorney's actions the judgment would have been in his favor.[18]

Castillo first claims that counsel was ineffective by not giving him adequate advice. In this regard, Castillo references various alleged failures, most of which are completely nonsensical. One claim that could potentially have merit, that Castillo did not understand his rights and did not understand the nature of the charges against him, is wholly unsupported by any facts. Similarly, Castillo's claim that counsel failed to raise certain defenses, might in some cases constitute ineffective assistance of counsel. Here, however, it is completely frivolous. To illustrate, Castillo contends that counsel should have raised a *Nuremberg* defense.[19] The *Nuremberg* defense applies to defendants who "undertook acts that were required by domestic law but violated international law," or whose acts were ordered by a political or military

---

[14] 466 U.S. 668 (1984).
[15] *Id.* at 689.
[16] *Id.* at 687.
[17] *Id.* at 681.
[18] *Id.* at 682.
[19] Dkt. No. 1 at 9 ¶ 2.

superior.[20] Castillo does not assert that his reentry to the United States was the result of his abidance of any superior's order or laws of another country. Lastly, Castillo claims that his counsel conspired with the prosecution. This claim is also without merit as Castillo offers no facts to support the claim and what he does state is a non sequitur.

Castillo has failed to meet either *Strickland* prong. Accordingly, his claim of ineffective assistance of counsel is DISMISSED.

*Challenge to Court's Jurisdiction*

Castillo also alleges that the District Court's jurisdiction was improper because "he had the right to leave any country and freedom of movement as well as the right to not be arbitrarily assigned a nationality for the purpose of manufactur[ing] diversity of citizenship/jurisdiction."[21] Castillo also claims rights as a "stateless person" and under various international law treaties that would have allowed him to "become a world citizen and travel abroad."[22]

As previously noted, Castillo was charged with being found in the United States after being previously deported, in violation of 8 U.S.C. § 1326 (a) and (b).[23] Section 1231 of Title 18 United States Code provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Castillo was charged with violating the law of the United States. Thus, this Court's jurisdiction was proper.

*Errors Made by the Court*

Castillo also alleges various errors made by the Court. More specifically, Castillo claims that the Court abused its discretion in applying her personal judgment and discretion. Castillo

---

[20] *United States v. Maxwell*, 254 F.3d 21, 29 (1th Cir. 2001); *United States v. Lee*, 744 F.2d 1124, 1125 (5th Cir. 1984).

[21] *Id.* at 11 ¶ 1.
[22] *Id.*
[23] Cr. Dkt. No. 1.

does not detail in what manner the Court applied its personal judgment or discretion. Castillo also claims the Court erred in not admitting expert testimony and medical records as to his mother's medical condition and need for a kidney transplant. Regardless of the inadequacy of these pleadings, none of these alleged errors rise to the level of constitutional claims. Furthermore, errors that could have been raised on direct appeal but were not are not properly asserted in a § 2255 motion. Accordingly, this claim is also without merit.

### III.   Conclusion

Castillo has failed to show that he is entitled to relief pursuant to 28 U.S.C. § 2255. Accordingly, Castillo's recharacterized § 2255 is DISMISSED with prejudice. Should Castillo seek a certificate of appealability, same is DENIED.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 21st day of July, 2015.

_____
Micaela Alvarez
United States District Judge